MOFFAT ·v. HOFFMAN et al.

No. 3890.   Decided April 2, 1923.   (214 Pac. 308.)

1. GIFTS—EVIDENCE HELD NOT TO SHOW PAROL GIFT OF LAND. In an action to quiet title to certain realty which defendant claimed to own under a parol gift from one to whom she had been engaged to be married and who had transferred the property to plaintiff, evidence *held* insufficient to show that a gift of the property had been'made.[1]

2. FRAUDS, STATUTE OF—EXPENDITURES FOR IMPROVEMENTS BY CLAIMANT IN POSSESSION HELD INSUFFICIENT TO TAKE PAROL GIFT OF LAND OUT OF STATUTE. Expenditures for improvements to land claimed under a parol gift, which were in a less sum than that owing for rent by claimant in possession, *held* insufficient to take the case out of Comp. Laws 1917, §§ 5811, 5813, 5817.[2]

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson,* Judge.

Action by D. K. Moffat against Adah H. Hoffman, with cross-complaint by defendant joining T. F. Jennings. Judgment for plaintiff and for defendant Jennings, and defendant appeals.

AFFIRMED.

*P. C. Evans,* of Salt Lake City, for appellant.

*J. B. Wilkins,* of Salt Lake City, and *D. W. Moffat,* of Murray, for respondents.

THURMAN, J.

This action was instituted by plaintiff to quiet his title to certain real property in Salt Lake City in possession of de-

---

[1] *Price* v. *Lloyd,* 31 Utah, 87, 86 Pac. 767, 8 L. R. A. (N. S.) 870.

[2] *Price* v. *Lloyd,* 31 Utah, 87, 86 Pac. 767, 8 L. R. A. (N. S.) 870.

fendant Hoffman and for the sum of $75 per month as the rental value thereof during the period of defendant's possession.

Defendant answered and filed a counterclaim which also performs the function of a cross-complaint, claiming an interest in the property to the extent of the interest therein owned by one T. F. Jennings under a contract of purchase entered into between Jennings and plaintiff's grantor in 1919. It is alleged by defendant that prior to the making of said contract she and Jennings became engaged to marry, and that Jennings purchased the property as a home for himself and her. She also alleges that in contemplation of said marriage Jennings gave the premises to her by verbal gift and agreed to convey the same to her; that in reliance upon said gift, and at the request of Jennings, she spent much time in supervising improvements, alterations, and repairs upon the premises, and expended of her own funds thereon the sum of $350 in permanent improvements, and thereby increased the value of the property. She also alleges that upon completion of the improvements, at the request of Jennings, she took possession of the property and has ever since retained possession and claimed to own the same subject to the provisions of the contract. It is further alleged by her that Jennings repudiated the contract of marriage and pretended to convey his interest in the property to plaintiff, but that plaintiff had full knowledge of defendant's claims. She prays that Jennings be made a party to the action and that she be decreed an interest in the property equal to that acquired by Jennings, and that if the relief prayed for cannot be granted, that she be awarded judgment against Jennings for whatever damages she has suffered, to be determined upon the trial.

Jennings appeared and answered the cross-complaint and admitted the agreement to marry and the contract to purchase the property, but denied generally that he had given his interest in the property to defendant or that he was in any manner liable for the alleged wrongs complained of in the cross-complaint, and also alleges that the cross-complaint

does not state facts sufficiently to constitute a cause of action. In addition to the matter above pleaded, he also pleaded in bar the statute of frauds, Comp. Laws Utah 1917, §§ 5811, 5813 and 5817.

Plaintiff, replying to defendant Hoffman's answer, counterclaim, and cross-complaint, denied the affirmative allegations thereof, and also pleaded the same statute in bar.

The court, sitting without a jury, heard the cause and found the issues in favor of the plaintiff and entered judgment accordingly. Defendant Hoffman appeals and challenges the validity of certain findings of fact and the conclusion of law based thereon, also the failure of the court to find for appellant and enter judgment in her favor.

The findings are brief and in substance as follows: (1) That plaintiff is the owner in fee simple of the property; (2, 3) that defendant Hoffman's claim of ownership by gift from Jennings is invalid and groundless, and that said defendant has no right, title, or interest in the property or any part thereof; (4) that the rental value of the property is $50 per month, and that said defendant has occupied the same ever since the 1st day of May, 1921, and that the value and use of said occupation until the date of the decree is $532; (5) that the defendant Hoffman, while occupying the premises, built a board fence thereon of the value of $150 and is entitled to offset the same against the $532.

Appellant assigns as error every one of the foregoing findings and the conclusions based thereon.

The evidence is uncontradicted that plaintiff obtained title to the property from one Desky, who owned the title in fee, and also purchased from defendant Jennings his interest under the contract referred to in the pleadings.

Respecting her relation with defendant Jennings, appellant testified that she became acquainted with him in 1917. In 1918 they became engaged to marry and thereafter commenced to prepare a home for themselves. She told Jennings she would look for a house as she was paying rent, and he said, "Very well, you may help me." She was informed of the property in suit and went up to see it. She then spoke

to Jennings about it, and he went with her to look at the property, and they decided it was a good investment. Then Jennings entered into a contract to purchase it and paid thereon $1,500 and was to pay $50 a month thereafter. He made several monthly payments. They rented the property to a tenant during the winter of 1919 and 1920, and until April of the latter year. She moved into the premises in June next following. The house was vacant from April until she moved in. During that time they were working on it continuously. Some carpenter work was done. She moved into the premises because Jennings said to her: " 'That is your home, and you fix it just as you like it,' with the means we had." She looked after all the work and superintended the improvements. The fence was built after she moved into the property. She testified at considerable length as to the cost of the fence and other work she had done and said she paid for it with her own money. The work was done in 1920. She stated that what she did was in reliance upon the promise made by Jennings that he would give her the home.

The defendant Jennings, testifying in his own behalf, denied absolutely that he had ever given the property to appellant and stated he had sold it to the plaintiff.

The evidence of a gift relied on by appellant is not only exceedingly meager, but is also equivocal and uncertain. She says she and Jennings became engaged in 1918 and thereafter they began to prepare a home for themselves. She told Jennings she was paying rent, and he said, "Very well, you may help me." She was informed of the property in controversy. She and Jennings looked it over and decided it was a good investment. Then Jennings entered into the contract to purchase it. They rented it for several months during the winter of 1919 and 1920. She moved into it in June of that year. Jennings said to her, "That is your home, and you fix it just as you like it." In the foregoing statement is found substantially everything that she claims Jennings ever said as constituting a gift. The natural inference is that as they were engaged to be married, they were mutual-

ly co-operating together to make a home for themselves; not a home of which she was to be the exclusive owner, but a home for both.   Hence we say that the promise to give her the property in the sense that she contends by her cross-complaint was equivocal and uncertain.   It falls far short of what is necessary to constitute a gift.   Even as to the possession given and the improvements made it is equally clear that what was done was done in contemplation of marriage rather than in reliance upon a gift.   We cannot avoid these conclusions after a careful examination of the evidence.

This court, in *Price* v. *Lloyd,* 31 Utah, 87, 86 Pac. 767, 8 L. R. A. (N. S.) 870, in an exhaustive opinion written by Hon. D. N. Straup, then a justice of this court, discusses at considerable length the fundamental principles pertaining to a parol gift of land, and the same are in most respects applicable to the case at bar.   The authorities bearing upon the question are cited and many of them quoted at length.

In that case the court, at page 97 of the report (86 Pac. 770, 8 L. R. A. [N. S.] 870) speaking of the certainty requisite in a contract or gift such as is relied on here, quotes the following from the works of a distinguished author:

"This element of completeness must exist in every contract which can be specifically enforced, whatever be its external form, whether written or verbal, whether embodied in the memorandum required by the statute of frauds, or rendered obligatory by part performance, or by any other act which may obviate the prohibitions of that statute."   Pomeroy, § 145.

Later, on the same page, it is said by the court:

"It is also essential that the parol agreement or gift should be established by clear, unequivocal and definite testimony, and the acts claimed to be done thereunder should be equally clear and definite and referable exclusively to the contract or gift.

That case seems to be conclusive of the controlling question presented here.

Having arrived at the conclusion that there is not sufficient evidence of a gift, it would seem unnecessary to discuss the question of improvements and as to whether or not they were sufficient to take the case out of the statute of frauds.

In order to show, however, that appellant has no grounds of complaint, as far as the judgment of the court is concerned, we make the following observations: The court found against her for use and occupation of the property the sum of $532. He found as an offset against that amount the sum of $150 on account of improvements made by her on the premises. She moved into the property in June, 1920. The winter before that they rented the property to a tenant for $40 a month, down to April following. The record does not show whether she or Jennings received this money. It may have been paid in installments on the contract. From the time she moved into the property in June until the following April, when Jennings sold his interest, she had the use of the property, and that is not charged against her in the judgment of the court.

It thus appears that from June, 1920, until April, 1921, she had the free use of a property worth at least $40 a month, which in the aggregate amounts to more than she alleges she spent on the property in improvements. In addition to this, she was allowed the sum of $150 as an offset against the plaintiff's claim. Under the authority of *Price* v. *Lloyd,* supra, her expenditure for improvements would not be sufficient to take the case out of the statute of frauds, even if the promise to give the property had been clearly and definitely proven.

The court is of the opinion that appellant did not establish a cause of action against the defendant Jennings, nor did she establish a defense against the plaintiff's action.

Judgment affirmed, at appellant's cost.

WEBER, C. J., and GIDEON, FRICK, and CHERRY, JJ., concur.